# EXHIBIT A



WASHINGTON DC
2000 Pennsylvania Avenue NW
Suite 1010
Washington, DC 20006
202.973.0900
www.tzlegal.com

CALIFORNIA
The Tower Building
1970 Broadway
Suite 1070
Oakland, CA 94612
510.254.6808

July 7, 2023 Our File No. 1115-01

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Walmart Inc.
Wal-Mart Stores, Inc.
Attn: Rachel Brand, Executive Vice President of Global Governance, Chief Legal Officer and Corporate Secretary
702 Southwest 8th St.
Bentonville, AR, 72716

**Re: Notice Regarding Violation of Breach of Express Warranty and California Consumer Legal Remedies Act**

To Whom It May Concern:

Please be advised that Tycko & Zavareei LLP and Dworken & Bernstein Co. LPA represent Arnesia Thomas, Pascha Perkins, and Vernita Faison, who are consumers that, within the relevant time period, purchased in a Walmart store located in the United States the bed sheet sets that Walmart Inc. ("Walmart" or "Defendant") manufactures, labels, distributes, advertises, and sells under its exclusively owned brand name "Hotel Style" at Walmart locations throughout the country and for which Walmart represents directly on its packaging and/or labeling that its thread count is 800 (collectively, "Hotel Style Sheets" or "Product").

On behalf of Arnesia Thomas, Pascha Perkins, and Vernita Faison this letter provides pre-suit notice that Walmart is alleged to have breached an express warranty to them and the Class (defined below), and on behalf of Vernita Faison this letter provides pre-suit notice that Walmart is alleged to have violated the California Consumer Legal Remedies Act, California Civil Code Section 1750 *et seq*.

***Breach of Express Warranty***

Arnesia Thomas, Pascha Perkins, and Vernita Faison seek to represent a class of consumers who, within the relevant time period, purchased Hotel Style Sheets in a Walmart store located in the United States which included the representation and warranty on their packaging and/or labeling that they had a thread count of 800 (the "Class") when their true thread count is far lower. This letter provides Walmart with pre-suit notice and demand for corrective action.

During the relevant time period, Walmart has represented and warranted on the packaging and/or labeling of its Hotel Style Sheets that the sheets had a thread count of 800. However, that representation and warranty is false as Walmart inflates the true thread count of its Hotel Style Sheets, in contravention of American Society for Testing and Materials' ("ASTM") Standard Test



Method for End (Warp) and Pick (Filling) Count of Woven Fabrics, D3775-17e1 ("ASTM 3775"). Walmart's Hotel Style Sheets contain no disclosures or representations that the represented thread count is based on a practice that does not adhere to the standard-based, traditional, and common industry practice as outlined by ASTM 3775 and instead falsely inflates the thread count.

Arnesia Thomas is a consumer residing in Addison, Illinois who from 2009-2023, while a resident of Addison, Illinois, purchased Walmart's Hotel Style Sheets from Walmart locations in Addison, Bloomingdale, Elk Grove Village, Streamwood, and Glen Ellyn, Illinois for approximately $50-65. All of the Hotel Style Sheets that Ms. Thomas purchased contained the representation that their thread count was 800 when their actual thread count was far lower. Ms. Thomas would not have purchased the Hotel Style Sheets, or alternatively would not have paid a premium for them, had she known they did not have a thread count of 800.

Pascha Perkins is a consumer residing in Cahokia, Illinois who in or around April 2022, while a resident of Cahokia, Illinois, purchased Walmart's Hotel Style Sheets from the Cahokia Heights location for approximately $69.95. The Hotel Style Sheets that Ms. Perkins purchased contained the representation that the Product had a thread count of 800 when its actual thread count is far lower. Ms. Perkins would not have purchased the Hotel Style Sheets, or alternatively would not have paid a premium for it, had she known it did not have a thread count of 800.

Vernita Faison purchased Walmart's Hotel Style Sheets in or around February 2022, while a resident of Sacramento, California, from a local Walmart location for approximately $59. The Hotel Style Sheets that Ms. Faison purchased contained the representation that the Product had a thread count of 800 when its actual thread count is far lower. Ms. Faison would not have purchased the Hotel Style Sheets, or alternatively would not have paid a premium for it, had she known it did not have a thread count of 800.

By misrepresenting that its Hotel Style Sheets are "800 Thread Count" when they are not, Walmart has breached an express warranty to Arnesia Thomas, Pascha Perkins, Vernita Faison and the Class—namely that the Hotel Style Sheets is "800 Thread Count" when the true thread count is far lower.

We hereby demand that Walmart immediately (1) compensate all consumers who purchased its Hotel Style Sheets up to and including the past six years with the monetary difference between the Hotel Style Sheets as warranted and as sold, (2) cease and desist from representing and warranting that the Hotel Style Sheets are "800 Thread Count" on the Products' packaging and labeling, and (3) alter the labeling of Walmart's Hotel Style Sheets to reflect their actual thread count in accordance with ASTM 3775.

Please comply with these demands within 14 days of receipt of this letter. Please also be advised that should Walmart refuse to comply with this demand within 14 days of its receipt, Arnesia Thomas, Pascha Perkins, and Vernita Faison will seek, among other relief, all damages



permitted by law for breach of express warranty, including compensation for the monetary difference between the Hotel Style Sheets as warranted and as sold, incidental and consequential damages, in an amount adequate to deter such conduct in the future, attorneys' fees, and all other relief permitted by law.

***California Consumer Legal Remedies Act***

Pursuant to the California Consumer Legal Remedies Act, California Civil Code Section 1750 *et seq.* (the "CLRA"), on behalf of Vernita Faison this letter also provides Walmart with pre-suit notice that Walmart is alleged to have violated California Civil Code Section 1770 by engaging in the following misconduct with respect to its Hotel Style Sheets:

(a) Walmart, by representing that the Hotel Style Sheets had a thread count of 800 when the actual thread count was far lower, was thus representing that its goods had characteristics, uses, and/or benefits that they did not have;

(b) Walmart, by representing that the Hotel Style Sheets had a thread count of 800 when the actual thread count was far lower, was thus representing that its Hotel Style Sheets were of a particular standard or quality, when they are of another; and

(c) Walmart, by representing that the Hotel Style Sheets had a thread count of 800 when the actual thread count was far lower, was thus advertising goods or services with intent not to sell them as advertised.

The conduct described herein violates numerous provisions of the CLRA, including but not limited to Cal. Civ. Code § 1770(a)(5), which prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . . ," Cal. Civ. Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and CLRA §1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

As stated, *supra*, Vernita Faison purchased Walmart's Hotel Style Sheets in or around February 2022, while a resident of Sacramento, California, from a local Walmart location for approximately $59. She would not have purchased the Hotel Style Sheets, or alternatively would not have paid a premium for it, had she known it did not have a thread count of 800.

Based on the foregoing, Ms. Faison on behalf of herself and a class of consumers who, within the relevant time period, purchased Hotel Style Sheets from Walmart in a Walmart store located in the State of California (the "California Subclass") demands that Walmart, within 30 days, cease the above-described misconduct and agree to compensate consumers who purchased



Walmart's Hotel Style Sheets for the monetary difference between the Hotel Style Sheets as warranted and as sold.

Please be advised that should Walmart refuse to comply with this demand within 30 days of its receipt, Ms. Faison will seek, among other relief, monetary damages for herself and a proposed class of all others similarly situated, as well as an award of injunctive relief, restitution, exemplary and punitive damages, costs, attorneys' fees, and any other relief the court deems proper.

***

On behalf of Arnesia Thomas, Pascha Perkins, and Vernita Faison we further demand that Walmart preserve all documents, emails, correspondence, data, and information, including all electronically stored information and other evidence which refer or relate to any of the above-described practices, including, but not limited to:

1. All documents concerning the development and/or testing of the Hotel Style Sheets;

2. All documents concerning the manufacturing, labeling, marketing, and sale of the Hotel Style Sheets;

3. All documents concerning communications with any individual involved in the development, testing, manufacturing, labeling, marketing, and sale of the Hotel Style Sheets;

4. All documents concerning the sales volume of the Hotel Style Sheets (in units and/or dollars), and the revenues derived therefrom; and

5. All documents concerning the identities and location of potential class members who purchased the Hotel Style Sheets.

We are willing to discuss an appropriate way to remedy the demands asserted in this letter on behalf of Arnesia Thomas, Pascha Perkins, and Vernita Faison as well as the Class and California Subclass. If Walmart wishes to enter into such a discussion, please contact our firm immediately. If we do not hear from Walmart promptly, we will conclude that Walmart is not interested in resolving this dispute short of litigation in the form of a class action lawsuit. If Walmart contends that any statement in this letter is inaccurate in any respect, please provide our firm with Walmart's contentions and supporting documents promptly.

Please note that all communications intended for our clients must be directed through this office. Further, this demand and notice letter is meant to comply with all laws requiring notice and



demand prior to litigation, on behalf of our clients and all others similarly situated should this matter proceed to litigation.

Please contact the undersigned if there are any questions or concerns.

Regards,

Andrea Gold

Andrea R. Gold

Cc: Frank Bartela
Amanda Schrank
Nicole T. Fiorelli
Patrick Brickman
Jennifer L. Kunsman
***Dworken & Bernstein, Co., LPA***